IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:15CR83-HEH
)
DANTA OMAR ROBERTS, )
)
Petitioner. )

# MEMORANDUM OPINION
### (Dismissing Claims 2 and 3 and Setting Claim 1 for an Evidentiary Hearing)

Danta Omar Roberts ("Petitioner"), a federal inmate proceeding *pro se*, filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner contends that he is entitled to relief on the following grounds:

Claim 1  Petitioner failed to receive the effective assistance of counsel because counsel failed to follow an appeal as directed. (ECF No. 29, at 4.)[1]

Claim 2  Petitioner failed to receive the effective assistance of counsel because counsel failed to advise him that by pleading guilty he and his immediate family would be rendered ineligible to receive federal benefits. (*Id.* at 5.)

Claim 3  Petitioner failed to receive the effective assistance of counsel because counsel failed to advance a viable challenge to Petitioner's Career Offender enhancement under the Sentencing Guidelines ("USSG"). (*Id.* at 6.)

The Government has responded. Petitioner has replied. The matter is ripe for disposition.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system to all citations in the record.

## I. PROCEDURAL HISTORY

On May 5, 2015, a grand jury charged Petitioner with: possession with intent to distribute heroin (Count One); possession with intent to distribute cocaine (Count Two); possession of a firearm and ammunition by a convicted felon (Count Three); and use and carry of a firearm during and in relation to a drug trafficking crime (Count Four). (ECF No. 3, at 1–3.) On July 7, 2015, pursuant to a Plea Agreement, Petitioner pled guilty to Count One. (ECF No. 17, at 1.) Petitioner acknowledged that, had the matter gone to trial, the Government could have proved the facts pertinent to Petitioner's guilt with respect to Count One beyond a reasonable doubt. (ECF No. 18, at 1.) Petitioner further acknowledged that, had the matter gone to trial, the Government could have proved beyond a reasonable doubt the facts necessary to establish Petitioner's guilt with respect to Counts Three and Four. (*Id.* at 2–3.)

At sentencing, Petitioner was found to be Career Offender (*see* ECF No. 22, ¶ 24), with a corresponding sentencing range of 188–235 months. (*See id.* at 18.) On October 6, 2015, the Court sentenced Petitioner to 200 months of imprisonment. (ECF No. 26, at 2.)

## II. ALLEGED INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate the ineffective assistance of counsel, a defendant must show first that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable

professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

### A. Claim 1

An attorney's failure to file a requested appeal is *per se* ineffective assistance of counsel. *See Roe v. Flores-Ortega*, 528 U.S. 470, 483–86 (2000). This is true even if the defendant has waived his right to appeal. *United States v. Poindexter*, 492 F.3d 263, 273 (4th Cir. 2007). The United States Court of Appeals for the Fourth Circuit has instructed that "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." *Id.* at 272. That is the case here.

Petitioner swears that, following sentencing, he instructed his attorney, Mary Maguire, to file an appeal. (ECF No. 29, at 4.) Ms. Maguire swears that she

> has reviewed her file and correspondence with Mr. Roberts and has no documents concerning any conversations with Mr. Roberts concerning his right to appeal. In addition, counsel has no independent recollection of a conversation with Mr. Roberts concerning his right to appeal. In other words, counsel cannot tell the Court whether or not Mr. Roberts told her to appeal his case.

3

(ECF No. 45-1, ¶ 1 (punctuation corrected).) When, as here, "a colorable Sixth Amendment claim is presented, and where material facts are in dispute involving inconsistencies beyond the record, a hearing is necessary." *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992) (citing *Becton v. Barnett*, 920 F.2d 1190, 1192 (4th Cir. 1990); *Moore v. United States*, 950 F.2d 656, 661 (10th Cir. 1991)). Accordingly, the Court will set Claim 1 for an evidentiary hearing.

### B. Claim 2

In Claim 2, Petitioner complains that his counsel failed to advise him of the consequences under 21 U.S.C. § 862a by pleading guilty to Count One. That statute provides that:

> An individual convicted (under Federal or State law) of any offense which is classified as a felony by the law of the jurisdiction involved and which has as an element the possession, use, or distribution of a controlled substance (as defined in section 802(6) of this title) shall not be eligible for–
> **(1)** assistance under any State program funded under part A of title IV of the Social Security Act, or
> **(2)** benefits under the supplemental nutrition assistance program (as defined in section 3 of the Food and Nutrition Act of 2008 (7 U.S.C. 2012)) or any State program carried out under that Act.

21 U.S.C. § 862a. As explained below, Petitioner cannot demonstrate any prejudice for this alleged omission.

In the context of a guilty plea, the Supreme Court modified the second prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). A defendant's assertion that he

4

would not have pled guilty if he had received better assistance from counsel is not dispositive of the issue. *See United States v. Mora–Gomez*, 875 F. Supp. 1208, 1214 (E.D.Va.1995). Rather, "[t]his is an objective inquiry and dependent on the likely outcome of a trial had the defendant not pleaded guilty." *Meyer v. Branker*, 506 F.3d 358, 369 (4th Cir. 2007) (internal citation omitted) (citing *Hill*, 474 U.S. at 59–60). The Court looks to all the facts and circumstances surrounding a petitioner's plea, including the likelihood of conviction and any potential sentencing benefit to pleading guilty. *Id.* at 369–70. As explained below, those facts demonstrate clearly demonstrate that Roberts was not prejudiced by the omission he alleges here.

First, prior to pleading guilty to Count One, Petitioner already was ineligible for benefits under 21 U.S.C.A. § 862a by virtue of his two prior felony drug convictions. (ECF No. 22, ¶¶ 35, 37). Moreover, Petitioner's admissions in his Statement of Facts reflect that his conviction of not only Count One, but also of Counts Three and Four was a near certainty. Furthermore, by pleading guilty to Count One and having the other counts dismissed, Petitioner significantly reduced his sentencing exposure. In the absence of a guilty plea, and the 3-level reduction to his Offense Level for acceptance of responsibility, Petitioner's Total Offense Level for Count One would have been 34. Petitioner's corresponding advisory sentencing range would have been 262 to 327 months of imprisonment. Additionally, Petitioner would have been subject to an additional 60-month consecutive sentence for his inevitable conviction on Count Four. Thus, in the absence of a guilty plea, Petitioner faced a probable sentence of 322 to 397 months of imprisonment. By pleading guilty, Petitioner reduced his advisory sentencing

5

range to 188 to 235 months. (ECF No. 22, at 18.) In light of the foregoing circumstances, Petitioner fails to demonstrate *any* possibility that he would have pled not guilty and insisted on going to trial if his attorney advised him regarding the consequences under 21 U.S.C.A. § 862 of pleading guilty. Claim 2 will be dismissed.

### C. Claim 3

In Claim 3, Petitioner faults counsel for not arguing that "the sentence espoused in the Pre-Sentencing Report was . . . at odds with . . . more current and modern defendants with similar cases . . . ." (ECF No. 30, at 10 (spelling corrected).) Thereafter, Petitioner directs the Court to statistics and other defendants who were adjudged career offenders and received a variant sentence below the advisory guideline range or at the bottom of the guideline range. (*Id.* at 10–12.) Counsel, however, cited statistics and a host of cases for the proposition that "[d]istrict courts around the country have imposed sentences below the career offender guideline range, finding that the guideline is flawed and/or imposes a sentence too harsh for the individual." (ECF No. 21, at 2–3 (citations omitted).) Petitioner fails to demonstrate that counsel performed deficiently or that he was prejudiced by the alleged omission of counsel Petitioner asserts here. Accordingly, Claim 3 will be dismissed.

### III. CONCLUSION AND FURTHER PROCEEDINGS

Petitioner's Motion to Resubmit Previously Submitted Motion for Summary Judgment (ECF No. 40) will be granted. Petitioner's Motions for Summary Judgment (ECF Nos. 39, 44) will be denied. Claims 2 and 3 will be dismissed. Claim 1 will be set for an evidentiary hearing. Counsel will be appointed to represent Petitioner on Claim 1.

6

Within eleven (11) days of the date of entry hereof, counsel for Petitioner and the Government shall contact to the Court to set the matter for an evidentiary hearing.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: May 14, 2019
Richmond, Virginia

7